

**FILED**
**Apr 30, 2019**
**02:29 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **MUHAMAD MUSTAFA,** | ) | |
| **Employee,** | ) | |
| | ) | **Docket No. 2018-06-0234** |
| **v.** | ) | |
| | ) | |
| **ADP TOTALSOURCE CO. XXIII, INC.,** | ) | **State File No. 10589-2018** |
| | ) | |
| **Employer,** | ) | |
| **And** | ) | **Judge Joshua D. Baker** |
| **NEW HAMPSHIRE INS. CO.,** | ) | |
| **Carrier.** | ) | |

---

## ORDER GRANTING MEDICAL BENEFITS

---

At an Expedited Hearing on April 18, 2019, Mr. Mustafa requested reimbursement for unauthorized medical expenses, temporary disability benefits, and a new authorized treating physician. ADP Totalsource Co., XXIII, Inc. (ADP) opposed each request. For the reasons below, the Court denies Mr. Mustafa's requests. Despite this denial, he retains his right to continuing reasonable and necessary treatment with the authorized treating physician

### History of Claim

Mr. Mustafa performed repetitive work with both hands at ADP. In May 2017, he complained to his primary care physician of bilateral hand pain. His doctor suspected work-related bilateral carpal tunnel syndrome and referred him to Dr. David West. After an EMG, Dr. West concluded that Mr. Mustafa had carpal tunnel syndrome and recommended right carpal tunnel release surgery.

Mr. Mustafa reported his work injury in November but said ADP delayed involving its workers' compensation insurance carrier because his manager wanted him

1

to use his TennCare insurance instead. His doctor advised him that would be illegal and recommended he call the Bureau of Workers' Compensation to initiate a claim.

Eventually, Mr. Mustafa persuaded the Carrier to authorize treatment and allow Dr. West to be his authorized treating physician. He resumed treatment with Dr. West on February 13, 2018, and received restrictions of no lifting, pushing, or pulling greater than ten pounds.

After that appointment, Mr. Mustafa felt "unhappy and dissatisfied" with Dr. West. He asked the adjuster to "change from Dr. West to another doctor" because "he doesn't do what I ask." In response, the adjuster permitted him to choose Dr. Morgan Lorio from a panel and scheduled an appointment for February 23.

Ultimately, Dr. Lorio performed right carpal tunnel release surgery on March 26. By May, Mr. Mustafa had completed physical therapy for right-ulnar pillar pain. Dr. Lorio did not treat Mr. Mustafa's left hand at that time, but the medical records reflect that he planned to recommend a left carpal tunnel release "once the right has settled down completely." In the meantime, he injected Mr. Mustafa's right carpal tunnel and scheduled a follow-up appointment.

When Mr. Mustafa returned on July 17, Dr. Lorio released him to full-duty work. This concerned Mr. Mustafa because as he would have been performing repetitive work while recovering from a repetitive trauma injury. Dr. Lorio wrote, "Patient states that he is not going to return to work, and that is his preogative [sic]." Dr. Lorio recommended physical therapy, which the carrier authorized. Mr. Mustafa was to return on August 14 "for repeat evaluation of response to therapy."

Mr. Mustafa did not return to work, attend any more appointments, or complete physical therapy. He requested emergent care instead, which the carrier refused. However, the nurse case manager offered to reschedule his next appointment with Dr. Lorio from August 14 to August 6 to address his "extreme pain" complaints. Instead of accepting the appointment, he visited the emergency room three times between July 30 and August 25 and also saw two other unauthorized providers.

In his testimony and affidavit, Mr. Mustafa explained that the authorized treatment worsened his pain and that being returned to work without restrictions "didn't make any sense." Specifically, he complained Dr. Lorio ignored his left hand and that surgery and physical therapy had worsened his condition. Further, the doctor "cut off [his] medication and gave [him] patches to use instead, but they made [his] condition worse." About his decision to seek unauthorized treatment, he testified, "I had a feeling this particular doctor was not going to help me anymore."

2

Mr. Mustafa also testified that he did not work from February 16 to February 23 but was not paid temporary disability benefits. He admitting working three hours on February 16 but said prescription pain medication made him too drowsy, so he left. He sought unauthorized emergent care on February 18th and 20th. Mr. Mustafa acknowledged ADP provided him different, easier work while on restrictions and also paid temporary disability benefits while he recovered from surgery.

**Legal Principles and Analysis**

Mr. Mustafa has the burden to prove of his claim but need not prove every element by a preponderance of the evidence to receive relief at an expedited hearing. Instead, he must present sufficient evidence that he would likely prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Mr. Mustafa sought reimbursement of his unauthorized medical expenses, additional temporary disability benefits, and a new treating physician. ADP argued it owed no further temporary disability benefits and that it had provided all reasonable and necessary medical treatment but Mr. Mustafa declined to accept it, incurring unreasonable and unnecessary medical expenses as a result.[1] The Court agrees with ADP.

An employer is required to provide injured workers "medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary by accident." Tenn. Code Ann. § 50-6-204(a)(1)(A) (2018). Likewise, employees are required to "accept the medical benefits afforded under this section" provided that the "employee has suffered an injury and expressed a need for medical care" and selected a treating physician from the employer's panel. Tenn. Code Ann. § 50-6-204(a)(3)(A)(i). When the selected physician refuses to treat the employee, the employer is required to provide a new authorized treating physician. *See Limberakis v. Pro-Tech Security, Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *9-10 (Sept. 12, 2017). When treatment is disputed, the employee has the burden of demonstrating unauthorized treatment was reasonable and necessary. *Id*. at *5.

Here, the Court finds Mr. Mustafa is not likely to prevail at a final hearing concerning reimbursement of unauthorized medical expenses incurred through emergency room visits. Dr. Lorio provided a treatment plan for his bilateral wrist injuries that Mr. Mustafa rejected in favor of unauthorized treatment at the emergency. Further, although he requested care before visiting the emergency room, the carrier responded

---

[1] The Court is compelled to address the allegation that ADP instructed Mr. Mustafa to seek treatment under TennCare for a work-related injury. Tennessee Code Annotated section 50-6-128 provides that any employer who "knowingly, willfully, and intentionally causes a medical or wage loss claim to be paid under health or sickness and accident insurance" may be assessed a penalty of $500 by the Administrator of the Bureau of Workers' Compensation. As the evidence at the hearing indicated this occurred, the Court has notified the Administrator by sending her a copy of this order.

reasonably by offering the earliest available appointment with the authorized treating physician.  Mr. Mustafa presented no expert medical evidence contradicting Dr. Lorio's treatment plan or establishing the reasonable medical necessity of the unauthorized treatment.  The Court declines to substitute its or Mr. Mustafa's judgment for the opinion of a trained physician.  *See Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8; *see also Lurz v. Int'l Paper Co.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018).  Thus, the Court denies his request for reimbursement of unauthorized medical expenses.

The Court also declines Mr. Mustafa's request for a different authorized treating physician.  In his medical notes, Dr. Lorio provided a reasonable plan to treat his bilateral carpal tunnel condition.  The Court heard no testimony showing that Dr. Lorio intended to stop treating Mr. Mustafa before completing that plan.  Rather, the evidence showed that Mr. Mustafa diverted from Dr. Lorio's treatment plan and sought care on his own.  Mr. Mustafa had the duty to accept the care provided by ADP, and his failure to do so, in this Court's view, likely extended his recovery period.   Under the circumstances, the Court holds that ADP has no duty to provide an additional panel.[2]

Lastly, the Court denies Mr. Mustafa's claim for payment of temporary disability from February 16 to February 23.  To recover those benefits, Mr. Mustafa must show his injury disabled him from working; a causal connection exists between his injury and inability to work; and the duration of his disability.  *Jones v. Crencor*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Here, Mr. Mustafa established that he missed work from February 16 to 23. However, he failed to show that his carpal tunnel condition disabled him from working, as Dr. West did not take him off work completely, and ADP provided alternative work within his medical restrictions.  While Mr. Mustafa rejected the alternative work because his prescription caused drowsiness, his own opinion about his inability to work is insufficient to prove his claim for temporary disability.[3]  Based on the evidence presented at the hearing, the Court cannot find he would likely prove his injury disabled him from working at a trial on the merits.  For this reason, the Court holds he is not entitled to temporary disability benefits.

It is **ORDERED** as follows:

---

[2] Additionally, ADP offered Mr. Mustafa a new panel when he expressed dissatisfaction with the treatment received from Dr. West.

[3] The Court also notes that Mr. Mustafa sought emergent care twice during that week for symptoms unrelated to his work injury.

1. The Court denies Mr. Mustafa's request for reimbursement, temporary disability benefits, and for a new treating physician. Mr. Mustafa may continue to treat with Dr. Lorio for his work-related injury.

2. **This matter is set for a status conference on June 14, 2019, at 10:30 a.m. (CDT).** The parties, or their counsel, must call (615) 741-2113 or (855) 874-0474 toll-free to participate. Failure to call may result in a determination of the issues without that party's participation.

It is **ORDERED**.

**ENTERED APRIL 30, 2019.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

## APPENDIX

**Exhibits:**

1. Medical Records
2. Mr. Mustafa's Affidavit
3. Receipts from Elite Sports Medicine
4. Choice of Physician Forms

**Technical Record:**

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. ADP's Pretrial Brief

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by these methods of service on April 30, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|------|------|------|------|
| Muhamad Mustafa, Self-represented Employee | X | | | 4025 Providence Ln Nashville, TN 37211 |
| Sarah Best, Employer's Attorney | | | X | shbest@mijs.com; clalmeida@mijs.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov